IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HDI GLOBAL INSURANCE COMPANY as subrogee of Aperam Stainless Services & Solutions USA, LLC.<br><br>Plaintiff,<br><br>v.<br><br>ENCORE HOLDINGS, LLC, d/b/a Encore Fire Protection,<br><br>Defendant. | Case No.:<br><br>**JURY DEMANDED**<br><br>OCTOBER 18, 2024 |

## COMPLAINT

### PARTIES

1. HDI Global Insurance Company ("HDI") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business at 161 North Clark St., Floor 48, Chicago, IL 60601, and is authorized to write policies of insurance in the State of Connecticut, and for all relevant times set forth herein, insured the facility of Aperam Stainless Services & Solutions ("Aperam") under Policy No. CPD5945900.

2. Upon information and belief, Defendant Encore Holdings, LLC d/b/a Encore Fire Protection ("Encore") is a Rhode Island corporation that designs, sells, installs, and services fire suppression systems, with its principal place of business at 70 Bacon Street, Pawtucket, RI 02860.

### JURISDICTION AND VENUE

3. Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

1

4.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1332, as the transaction between the parties took place in the State of Connecticut.

## FACTUAL ALLEGATIONS

5.      On or about March 16, 2023 ("Date of Loss"), Aperam's facility located at 239 West Service Road, Hartford, CT 06120 ("Subject Facility") sustained fire, smoke, and water damage.

6.      The Subject Facility sustained significant damage as a result of the fire, smoke, and water.

7.      Aperam also sustained damage to its equipment located in the Subject Facility as a result of the fire, smoke, and water damage.

8.      Prior to the Date of Loss, the Defendant, Encore, designed, supplied, and installed a fire suppression system (the "Fire Suppression System") at the Subject Facility.

9.      The Fire Suppression System designed and installed by Encore was intended to protect, among other things, Aperam's Titanium Washer and Dryer in Wash Line No. 3.

10.     The Fire Suppression System designed and installed by Encore was meant to protect the drum dryer (the "Dryer") on Wash Line No. 3 and the enclosure area near the Dryer.

11.     The Dryer is used to dry titanium alloy after the titanium material goes through the washer on Wash Line No. 3.

12.     Upon information and belief, Encore designed, supplied, and installed the Fire Suppression System in 2020 and/or 2021.

13.     Upon information and belief, the Fire Suppression System was completed by Encore in 2021.

14.     On the Date of Loss, when a fire occurred in the Dryer, the Fire Suppression System failed to activate and failed to suppress the fire.

2

15. Consequently, the fire in the Dryer caused substantial damage to the Dryer and spread resulting in damage to other equipment, components, material, and portions of the Subject Facility.

16. The post-fire investigation determined Encore improperly installed and maintained the Fire Suppression System.

17. Encore failed to properly tighten the fittings on the pneumatic activation lines, which prevented the Fire Suppression System from activating on the Date of Loss.

18. As a result of the fire, Aperam suffered real property damages, business personal property damages, and business interruption damages in excess of $400,000.

19. Aperam submitted an insurance claim to Plaintiff for the damages sustained by the fire that occurred on the Date of Loss.

20. Pursuant to the terms of Plaintiff's Policy issued to Aperam, Plaintiff issued payments to Aperam for the damages sustained as a result of the fire that occurred on the Date of Loss.

21. Plaintiff continues to evaluate Aperam's claim and may issue additional payments to Aperam for damage sustained as a result of the fire on the Date of Loss.

22. To the extent of its payments made and payments it will make to Aperam, Plaintiff has become subrogated to the Aperam's rights as against Defendant Encore.

## COUNT I – BREACH OF CONTRACT

1-22. The Plaintiff incorporates by reference Paragraphs 1 through 22 of the Complaint as if they were set out in full herein.

23. Prior to the Date of Loss, Encore agreed to design, supply, and/or install the Fire Suppression System at the Subject Facility.

24. Additionally, prior to the Date of Loss, Encore agreed to inspect, test, and maintain the Fire Suppression System at the Subject Facility to ensure it was in good working order.

25. Encore breached its duty to Aperam by one or more acts and/or omissions constituting breach of contract, including, but not limited to the following:

    a. Failing to provide and/or install a fully functional fire suppression system that activates in the event of a fire;

    b. Failing to properly design, supply, install, inspect, and/or test the Fire Suppression System to ensure adequate protection of the Dryer and surrounding areas;

    c. Failing to install, inspect, and/or test the Fire Suppression System in accordance with design criteria, the manufacturer's guidelines, and/or industry standards;

    d. Failing to perform the installation, inspection, and or testing of the Fire Suppression System using its best skill and judgment;

    e. Failing to take all necessary and reasonable precautions to prevent, discover, or mitigate the subject damage;

    f. Failing to use reasonable care so as to avoid damage to the Insured's business and personal property; and

    g. Any other acts and/or omissions that may become known during the course of discovery.

26. As a direct and proximate result of Encore's breach of its contractual duties, the Fire Suppression System failed to activate, allowing the fire to spread and cause substantial damage.

27. As a result of the fire, Aperam suffered real property damages, business personal property damages, and business interruption damages in excess of $400,000.00.

28. Aperam submitted an insurance claim to Plaintiff for the damages sustained by the fire that occurred on the Date of Loss.

29. Pursuant to the terms of Plaintiff's Policy issued to Aperam, the Plaintiff issued payments to Aperam for the damages sustained as a result of the fire that occurred on the Date of Loss.

30. The Plaintiff continues to evaluate Aperam's claim and may issue additional payments to Aperam for damage sustained as a result of the fire on the Date of Loss.

## COUNT II – NEGLIGENCE

1-30. The Plaintiff incorporates by reference Paragraphs 1 through 30 of the Complaint as if they were set out in full herein.

31. At all relevant times, Encore owed a duty to Aperam to exercise ordinary and reasonable care in inspecting, testing, and maintaining the Fire Suppression System.

32. Moreover, Encore owed a duty to Aperam to design and install the Fire Suppression system in accordance with all applicable codes, standards, laws, and regulations, including but not limited to, NFPA 13.

33. Furthermore, Encore owed a duty to Aperam to inspect, test, and maintain the Fire Suppression system in accordance with all applicable codes, standards, laws, and regulations, including but not limited to, NFPA 25.

34. Encore breached its duties to Aperam by one or more acts and/or omissions constituting negligence, including, but not limited to the following:

    a. Failing to perform its installation of the Fire Suppression System in a good, safe, and workmanlike manner;

    b. Failing to use reasonable care in its installation, inspection, and/or testing of the Fire Suppression System;

    c. Failing to properly train its employees on how to install, inspect, and/or test the Fire Suppression System;

    d. Failing to supervise and direct the installation, inspection, and/or testing of the Fire Suppression System in a reasonable and prudent manner;

    e. Failing to ensure all fittings were properly tightened during the installation of the Fire Suppression System;

    f. Failing to ensure all fittings were properly tightened during inspections of the Fire Suppression System;

    g. Failing to properly test the Fire Suppression System during and/or immediately following installation to confirm it was able to reached the necessary pressure required to function and activate properly;

    h. Failing to take all necessary and reasonable precautions to guard against the foreseeable risk of serious harm to the Insured; and

    i. Any other acts and/or omissions that may become known during the course of discovery.

35. As a direct and proximate result of Encore's negligence, the Fire Suppression System failed to activate, allowing the fire to spread and cause substantial damage.

36. As a result of the fire, Aperam suffered real property damages, business personal property damages, and business interruption damages in excess of $400,000.00.

37. Aperam submitted an insurance claim to Plaintiff for the damages sustained by the fire that occurred on the Date of Loss.

38. Pursuant to the terms of Plaintiff's Policy issued to Aperam, Plaintiff issued payments to Aperam for the damages sustained as a result of the fire that occurred on the Date of Loss.

39. Plaintiff continues to evaluate Aperam's claim and may issue additional payments to Aperam for damage sustained as a result of the fire on the Date of Loss.

## COUNT III – BREACH OF WARRANTY

1-39. The Plaintiff incorporates by reference Paragraphs 1 through 39 of the Complaint as if they were set out in full herein.

40. Encore expressly and/or impliedly warranted that the work of its agents and/or employees would be performed in a good and/or workmanlike manner, conducive to correctly and successfully inspecting, testing, and maintaining the Fire Suppression System at the Subject Facility.

41. Pursuant to all express and/or implied warranties applicable to this action, the work of Encore's agents and/or employees was to be done in a timely, safe, professional, good, and workmanlike manner.

42. Through the improper actions of Encore and its agents and/or employees as described herein, Encore breached the express and/or implied warrantees applicable here, resulting in the damage to the Subject Facility described in the preceding paragraphs.

43. At all relevant times, Encore owed a duty to Aperam to exercise ordinary and reasonable care in inspecting, testing, and maintaining the Fire Suppression System in a workman-like manner.

44. Moreover, Encore owed a duty to Aperam to design and install the Fire Suppression system in accordance with all applicable codes, standards, laws, and regulations, including but not limited to, NFPA 13, in a workman-like manner.

45. Encore breached its duties to Aperam by one or more acts and/or omissions constituting breach of warranty, including, but not limited to the following:

   a. Failing to perform its installation of the Fire Suppression System in a good, safe, and workmanlike manner;

   b. Failing to use reasonable care in its installation, inspection, and/or testing of the Fire Suppression System;

   c. Failing to properly train its employees on how to install, inspect, and/or test the Fire Suppression System;

   d. Failing to supervise and direct the installation, inspection, and/or testing of the Fire Suppression System in a reasonable and prudent manner;

   e. Failing to ensure all fittings were properly tightened during the installation of the Fire Suppression System;

   f. Failing to ensure all fittings were properly tightened during inspections of the Fire Suppression System;

   g. Failing to properly test the Fire Suppression System during and/or immediately following installation to confirm it was able to reach the necessary pressure required to function and activate properly;

   h. Failing to take all necessary and reasonable precautions to guard against the foreseeable risk of serious harm to the Insured; and

   i. Any other acts and/or omissions that may become known during the course of discovery.

46. As a direct and proximate result of Encore's breach of warranty, the Fire Suppression System failed to activate, allowing the fire to spread and cause substantial damage.

47. As a result of the fire, Aperam suffered real property damages, business personal property damages, and business interruption damages in excess of $400,000.00.

48. Aperam submitted an insurance claim to Plaintiff for the damages sustained by the fire that occurred on the Date of Loss.

49. Pursuant to the terms of Plaintiff's Policy issued to Aperam, Plaintiff issued payments to Aperam for the damages sustained as a result of the fire that occurred on the Date of Loss.

50. Plaintiff continues to evaluate Aperam's claim and may issue additional payments to Aperam for damage sustained as a result of the fire on the Date of Loss.

RESPECTFULLY SUBMITTED,
THE PLAINTIFF,

By: _____
Derek E. Donnelly, Esq. #ct28922
Blackburn & Donnelly, LLC.
2 Concorde Way, P.O. Box 608
Windsor Locks, CT 06096
Ph. (860)-292-1116
Fax. (860)-292-1221
dd@sgblackburn.com

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HBI Global Insurance Company a/s/o Aperam Stainless Services & Solution USA, LLC.

**DEFENDANTS**
Encore Holdings, LLC d/b/a Encore Fire Protection

(b) County of Residence of First Listed Plaintiff: **Cook**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Providence**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Derek E. Donnelly, Esq. Blackburn & Donnelly, LLC.
2 Concorde Way, PO Box 608, Windsor Locks, CT 06096

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [x] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- [x] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 1332pd

Brief description of cause:
Subject property owned by Plaintiff's Insured sustained significant damage caused by fire, smoke and water.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Excess of $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____  DOCKET NUMBER _____

DATE: 10/18/2024

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____