UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HDI GLOBAL INSURANCE COMPANY as subrogee of Aperam Stainless Services & Solutions USA, LLC, | : : : : | Case No.: 3:24-CV-01667-AWT |
| Plaintiff, v. | : : : | |
| ENCORE HOLDINGS, LLC, d/b/a Encore Fire Protection, | : : : | |
| Defendant. | : | DECEMBER 20, 2024 |

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND

The Defendant, Encore Holdings, LLC ("Defendant"), hereby files its Answer, Affirmative Defenses, and Jury Demand in response to the Complaint of the Plaintiff, HDI Global Insurance Company ("Plaintiff").

## Answer

**Parties**

1. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, therefore, leaves the Plaintiff to its proof.

2. The Defendant admits the allegations contained in Paragraph 2.

**Jurisdiction and Venue**

3. The allegations contained in Paragraph 3 state legal conclusions to which no response is required.

4. The allegations contained in Paragraph 4 state legal conclusions to which no response is required.

**Factual Allegations**

5. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and, therefore, leaves the Plaintiff to its proof.

6. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and, therefore, leaves the Plaintiff to its proof.

7. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and, therefore, leaves the Plaintiff to its proof.

8. The Defendant admits only that it installed a fire suppression system at the Subject Facility. The Defendant denies the remainder of the allegations contained in Paragraph 8.

9. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, therefore, leaves the Plaintiff to its proof.

10. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and, therefore, leaves the Plaintiff to its proof.

11. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, therefore, leaves the Plaintiff to its proof.

12. The Defendant admits only that it installed a fire suppression system at the Subject Facility in 2020 and 2021. The Defendant denies the remainder of the allegations contained in Paragraph 12.

13. The Defendant admits only that it completed installation of a fire suppression system at the Subject Facility in 2021. The Defendant denies the remainder of the allegations contained in Paragraph 13.

14. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, therefore, leaves the Plaintiff to its proof.

15. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, leaves the Plaintiff to its proof.

16. The Defendant denies the allegations contained in Paragraph 16.

17. The Defendant denies the allegations contained in Paragraph 17.

18. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, leaves the Plaintiff to its proof.

19. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, leaves the Plaintiff to its proof.

20. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, leaves the Plaintiff to its proof.

21. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, leaves the Plaintiff to its proof.

22. The allegations contained in Paragraph 22 state legal conclusions to which no response is required.

**Count I – Breach of Contract**

1-22. Paragraphs 1 to 22 of Count One repeat the allegations in Paragraphs 1 to 22 above, to which the Defendant has already responded. Therefore, in response to Paragraphs 1 to 22 of Count One, the Defendant repeats its responses to Paragraphs 1 to 22 above.

23. The Defendant admits only that it agreed to install a fire suppression system at the Subject Facility prior to the Date of Loss. The Defendant denies the remainder of the allegations contained Paragraph 23.

24. The Defendant admits only that it agreed to perform certain inspections and testing of a fire suppression system at the Subject Facility prior to the Date of Loss. The Defendant denies the remainder of the allegations contained Paragraph 24.

25. The Defendant denies the allegations contained in Paragraph 25.

26. The Defendant denies the allegations contained in Paragraph 26.

27. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, leaves the Plaintiff to its proof.

28. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, leaves the Plaintiff to its proof.

29. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, leaves the Plaintiff to its proof.

30. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, leaves the Plaintiff to its proof.

**Count II – Negligence**

1-30. Paragraphs 1 to 30 of Count Two repeat the allegations in Paragraphs 1 to 30 above, to which the Defendant has already responded. Therefore, in response to Paragraphs 1 to 30 of Count Two, the Defendant repeats its responses to Paragraphs 1 to 30 above.

31. The allegations contained in Paragraph 31 state legal conclusions to which no response is required.

32. The allegations contained in Paragraph 32 state legal conclusions to which no response is required.

33. The allegations contained in Paragraph 33 state legal conclusions to which no response is required.

34. The Defendant denies the allegations contained in Paragraph 34.

35. The Defendant denies the allegations contained in Paragraph 35.

36. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, therefore, leaves the Plaintiff to its proof.

37. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, therefore, leaves the Plaintiff to its proof.

38. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, therefore, leaves the Plaintiff to its proof.

39. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, leaves the Plaintiff to its proof.

**Count III – Breach of Warranty**

1-39. Paragraphs 1 to 39 of Count Three repeat the allegations in Paragraphs 1 to 39 above, to which the Defendant has already responded. Therefore, in response to Paragraphs 1 to 39 of Count Three, the Defendant repeats their responses to Paragraphs 1 to 39 above.

40. The Defendant denies the allegations contained in Paragraph 40.

41. The Defendant denies the allegations contained in Paragraph 41.

42. The Defendant denies the allegations contained in Paragraph 42.

43. The allegations contained in Paragraph 43 state legal conclusions to which no response is required.

44. The allegations contained in Paragraph 44 state legal conclusions to which no response is required.

45. The Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. The Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, leaves the Plaintiff to its proof.

48. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, therefore, leaves the Plaintiff to its proof.

49. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, therefore, leaves the Plaintiff to its proof.

50. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, leaves the Plaintiff to its proof.

## **Affirmative Defenses**

**First Affirmative Defense**

The Plaintiff's Complaint fails to state a claim on which relief can be granted.

**Second Affirmative Defense**

If the Plaintiff and/or its Subrogor sustained damages as alleged, their damages were caused by the intervening and/or superseding acts or omissions of persons other than the Defendant.

**Third Affirmative Defense**

If the Plaintiff and/or its Subrogor sustained damages as alleged, they failed to take reasonable steps to minimize, mitigate, or prevent their damages.

**Fourth Affirmative Defense**

The Plaintiff's claims are barred by the applicable statutes of limitations.

**Fifth Affirmative Defense**

The terms of any agreements between the Plaintiff's Subrogor and the Defendant limit the amounts and/or categories of damages the Plaintiff may recover.

**Sixth Affirmative Defense (as to Counts I and III)**

The Plaintiff's Subrogor's material breaches of any agreements between the Plaintiff's Subrogor and the Defendant bar the Plaintiff's breach of contract and warranty claims.

**Seventh Affirmative Defense (as to Counts I and III)**

The terms of any agreements between the Plaintiff's Subrogor and the Defendant bar the Plaintiff's breach of contract and warranty claims.

**Eighth Affirmative Defense (as to Count II)**

If the Plaintiff and/or its Subrogor sustained damages as alleged, their own negligence caused and/or contributed to their damages, which must therefore be reduced or eliminated pursuant to Connecticut General Statutes § 52-572h.

**Ninth Affirmative Defense (as to Count II)**

The economic loss doctrine bars the Plaintiff's negligence claim.

**Tenth Affirmative Defense (as to Count III)**

The Plaintiff's Subrogor's conduct voided any express or implied warranties applicable to a fire suppression system the Defendant installed at the Subject Facility.

**Eleventh Affirmative Defense (as to Count III)**

Any agreements between the Plaintiff's Subrogor and the Defendant disclaimed all express and implied warranties, including but not limited to warranties of merchantability and fitness for a particular purpose, not expressly set forth in such agreements.

**Twelfth Affirmative Defense**

Connecticut's Product Liability Act, Connecticut General Statutes § 52-572n, bars the Plaintiff's claims, because the Act is the exclusive remedy for claims to which it applies, and the Plaintiff's claims are for "product liability" as the Act defines that term.

**Thirteenth Affirmative Defenses**

To the extent the Plaintiff's Subrogor sustained damaged for commercial losses, § 52-572n bars recovery of such damages and/or Connecticut General Statutes § 42a-2-715 limits recovery of such damages.

**Jury Demand**

The Defendant demands trial by jury on all claims and defenses raised in the above-captioned matter.

THE DEFENDANT,
ENCORE HOLDINGS, LLC

By: */s/Alexander W. Ahrens*
Alexander W. Ahrens
Melick & Porter, LLP
900 Main Street South
Southbury, CT 06488
Phone: 203-596-0500
Fax: 203-721-8532
E-mail: aahrens@melicklaw.com

## CERTIFICATION OF SERVICE

This is to certify that on December 20, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

*/s/ Alexander W. Ahrens*
Alexander W. Ahrens
